**NOT FOR PUBLICATION**

**FILED**

UNITED STATES COURT OF APPEALS

MAR 18 2020

FOR THE NINTH CIRCUIT

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

| | |
|---|---|
| UNITED STATES OF AMERICA, | No. 19-50008 |
| Plaintiff-Appellee, | D.C. No.<br>2:18-cr-00416-RGK-1 |
| v. | |
| EDGAR EUSEBIO GONZALEZ, AKA<br>Edgar Gonzalez Gonzalez, | MEMORANDUM* |
| Defendant-Appellant. | |

Appeal from the United States District Court
for the Central District of California
R. Gary Klausner, District Judge, Presiding

Argued and Submitted November 14, 2019
Pasadena, California

Before: FERNANDEZ, M. SMITH, and MILLER, Circuit Judges.

Edgar Eusebio Gonzalez appeals his conviction for being an alien found in

the United States after having been deported, in violation of 8 U.S.C. § 1326(a),

(b)(1). We have jurisdiction under 28 U.S.C. § 1291, and we vacate and remand for

an evidentiary hearing to evaluate Eusebio Gonzalez's claim under the Speedy

Trial Act.

---

\* This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

Eusebio Gonzalez challenges the district court's denial of his motion to dismiss the indictment for a violation of the Speedy Trial Act, which requires that an indictment or information be filed "within thirty days from the date on which such individual was arrested or served with a summons in connection with such charges." 18 U.S.C. § 3161(b). Eusebio Gonzalez was arrested by Immigration and Customs Enforcement officers and placed in administrative detention on May 24, 2018, arraigned on June 7, 2018, and indicted on July 3, 2018—40 days after his administrative arrest, but only 26 days after his criminal arrest. Ordinarily, the two weeks that Eusebio Gonzalez spent in administrative detention would not count against the statute's 30-day clock. *See United States v. Cepeda-Luna*, 989 F.2d 353, 355 (9th Cir. 1993). That detention would count, however, if it was a "mere ruse[] to detain [him] for later criminal prosecution." *Id.* at 357.

In the district court, Eusebio Gonzalez sought a hearing on his claim that his administrative detention was a ruse, but the district court did not conduct one. Although the government contends that Eusebio Gonzalez waived his request for a hearing on appeal, we conclude that he has sufficiently challenged the district court's determination that a hearing was not required, including because he challenged the district court's decision denying him an opportunity to cross-examine the relevant government agents.

An evidentiary hearing is required "when the moving papers allege facts

with sufficient definiteness, clarity, and specificity to enable the trial court to conclude that contested issues of fact exist." *United States v. Howell*, 231 F.3d 615, 620 (9th Cir. 2000). We conclude that Eusebio Gonzalez satisfied that standard, and accordingly that the district court abused its discretion by failing to conduct an evidentiary hearing. In particular, the ICE agent who coordinated with the United States Attorney's Office on Eusebio Gonzalez's prosecution testified that previously deported aliens like Eusebio would ordinarily be deported within a day or two of the reinstatement of their removal order. ICE reinstated Eusebio Gonzalez's removal order on May 24, 2018, but it nevertheless detained Eusebio Gonzalez for two weeks until his criminal arraignment on June 7, 2018. The district court found that there was "no evidence that the USAO coordinated with ICE agents" on the decision to detain Eusebio Gonzalez between his civil arrest and his criminal arraignment. But the fact that ICE prolonged Eusebio Gonzalez's detention beyond the one- or two-day period typical for reinstatements of removal significantly undercuts this finding; in the absence of testimony from the relevant government officials, the record suggests no other explanation for the delay.

We note that in *United States v. Mejia-Hernandez*, No. CR 18-588-FMO (C.D. Cal. Feb. 20, 2020), which involved the same ICE officer and Special Assistant United States Attorney who prosecuted Eusebio Gonzalez, the district court conducted an evidentiary hearing and found evidence of collusion between

3

ICE and the United States Attorney's Office. Had Eusebio Gonzalez been able to develop the record through cross-examination, he might have been able to adduce similar evidence here. The district court should permit Eusebio Gonzalez to elicit testimony on that question on remand.

**VACATED and REMANDED**.